UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-mj-8016-RMM

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

JESUS PADILLA-BARRETT,

      Defendant.
_____/

FILED BY_____SP_____D.C.
Jan 16, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Miami Office of the United States Attorney's Office prior to July 20, 2008?

  Yes   X **No**

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

  Yes   X **No**

3. Did this matter originate from a matter pending in the Fort Pierce Office of the United States Attorney's Office prior to August 8, 2014?

  Yes   X **No**

          Respectfully submitted,

          MARKENZY LAPOINTE
          UNITED STATES ATTORNEY

          BY: _____
          JOHN C. McMILLAN
          ASSISTANT UNITED STATES ATTORNEY
          Admin. No. A5500228
          500 S. Australian Ave., Suite 400
          West Palm Beach, FL 33401
          Office: (561) 820-8711
          John.mcmillan@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

United States of America
v.

JESUS PADILLA-BENNETT,

Defendant(s)

Case No.  24-mj-8016-RMM

FILED BY _____ SP _____ D.C.
Jan 16, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  08/17/2023  in the county of  Palm Beach  in the
Southern  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §§ 1326(a) and 1326(b)(1) | Re-entry After Deportation (Prior Felon); |
| 18 U.S.C. § 1546(a) | Knowing Possession of Counterfeit Lawful Permenant Resident Alien Card |

This criminal complaint is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Christopher Delbaugh, Deportation Officer, HSI
Printed name and title

Subscribed and sworn to before me in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (Facetime).

Date:  1/16/24

_____
Judge's signature

City and state:  West Palm Beach, Florida      Hon. Ryon M. McCabe, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
### Case No. 24-mj-8016-RMM

Your affiant, Christopher Delbaugh, first being duly sworn, do solemnly swear and state as follows:

1. I am a Deportation Officer of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE), and have been employed in a similar capacity since 2015. I am currently assigned to Enforcement and Removal Operations (ERO), Fugitive Operations Team, Stuart, Florida. As a Deportation Officer with ICE, my duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature. Previously, from September 2007 to September 2015, I was an Immigration Enforcement Agent with ICE. As an Immigration Enforcement Agent my duties and responsibilities also included enforcing criminal and administrative immigration laws of the United States.

2. As part of my training as a Deportation Officer, I attended the United States Immigration and Customs Enforcement Academy, at the Federal Law Enforcement Training Center, in Glynco, GA. In addition, I received specialized training regarding the investigation and enforcement of United States immigration laws. In my capacity as a Deportation Officer, I am charged with enforcing federal administrative and criminal laws under Titles 8, 18, and 19 of the United States Code. Further, as a federal law enforcement officer, I have the authority to conduct investigations, make arrests, execute search warrants, and take sworn statements.

3. This affidavit is based upon my own knowledge, as well as information provided to me by other law enforcement officers. The information set forth in this affidavit is not intended to detail all facts and circumstance of the investigation known by me or other law enforcement

personnel. Rather, this affidavit serves solely to establish that there is probable cause to believe that Jesus PADILLA-BENNETT ("PADILLA-BENNETT") committed the offenses of:

a.) Being a previously removed convicted felon alien found in the United States, in violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(1); and

b.) Knowingly possessing a document prescribed by statute and regulation as evidence of authorized stay in the United States, that is, a Legal Permanent Resident Card, indicating that the defendant was a lawful permanent resident of the United States, which the defendant knew to be forged, counterfeited, altered, and falsely made, in violation of Title 18, United States Code, Section 1546(a).

## PROBABLE CAUSE

4. On August 17, 2023, the Stuart, FL ICE ERO Fugitive Operations team received a request for assistance from the Palm Beach County Sheriff's Office (PBSO), District 16 Street Crimes Unit regarding a suspected illegal alien identified as PADILLA-BENNETT. Upon arriving, PBSO advised ICE ERO that a search warrant was obtained for PADILLA-BENNETT's residence located at 1651 60th Trail South, West Palm Beach, Palm Beach County, Southern District of Florida, in regards to obtaining evidence such as stolen property, stolen identification documents and credit cards, and personal identification information, in regards to a recent series of automobile burglaries in the area.

5. During the service of the search warrant, a fictitious United States Legal Permanent Resident (LPR) card and social security card were located within the residence. The LPR card displayed PADILLA-BENNETT's photo and date of birth, but was determined by your affiant through indices checks and physical observation to be counterfeit, and which bore an U.S. Immigration Alien number (A#) which was not assigned to PADILLA-BENNETT, who was

assigned a completely different A# as a result of multiple prior deportations. The counterfeit social security card reflected the following information: Jesus Octavio Padilla Bennett, social security number 23-10-6879. Upon observing the card, your affiant noted that such contained an incorrect number of digits for a legitimate social security card. Both cards were seized by PBSO investigators and placed into PBSO evidence.

6. Upon completion of the search of PADILLA-BENNETT's residence, PBSO investigators detained PADILLA-BENNETT and transported him to District 16 for interviews. Upon arrival, PBSO and ICE ERO interviewed PADILLA-BENNETT with assistance of a Spanish speaking Deputy Sheriff. During a post-*Miranda* recorded interview, PADILLA-BENNETT freely admitted to illegally entering the United States in 2022. Furthermore, PADILLA-BENNETT admitted that he didn't receive permission to the enter the United States and that he was deported two (2) times from the United States in the past.

7. When questioned about the fictitious LPR and social security cards, PADILLA-BENNETT admitted that he obtained the cards through a random contact that he met in a bar in Naples, Florida. PADILLA-BENNETT could not recall who created or sold him the cards but did admit that they were delivered to him and that he paid $150 for each card. PADILLA-BENNETT advised investigators that he purchased the cards so he could use them to obtain employment within the United States.

8. Upon completion of interviews, PBSO investigators determined that probable cause existed for multiple local felonies and placed PADILLA-BENNETT into custody. ICE issued PADILLA-BENNETT a I-200 warrant of arrest and lodged a detainer with the Palm Beach County Jail.

3

9. As part of my investigation, your affiant reviewed documents from the immigration alien file belonging to PADILLA-BENNETT, AXXX XXX 070. A review of Department of Homeland Security electronic records and the immigration alien file assigned to PADILLA-BENNETT establish that he is a native and citizen of Honduras.

10. Records further show that on or about November 1, 2004, PADILLA-BENNETT was ordered removed from the United States by an Immigration Judge in Harlingen, Texas. Records in the alien file show that on or about October 17, 2008, PADILLA-BENNETT was removed from the United States to Honduras.

11. On or about September 2, 2013, PADILLA-BENNETT had his removal order reinstated after being interdicted illegally entering the United States by the United States Border Patrol, at McAllen, Texas. Records in the alien file show that on or about April 7, 2014, PADILLA-BENNETT was again removed from the United States to Honduras.

12. PADILLA-BENNETT's fingerprints were entered into the Automated Biometric Identification System (IDENT) system, a biometric database maintained by the Department of Homeland Security on May 22, 2023. IDENT results confirmed that the fingerprints belonged to the individual who was previously removed from the United States, that is, Jesus PADILLA-BENNETT

13. A record check was performed in the Computer Linked Application Informational Management System (CLAIMS) to determine if PADILLA-BENNETT had filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that PADILLA-BENNETT obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

14. PADILLA-BENNETT's records from the National Crime Information Center (NCIC) and Palm Beach County, Florida, Clerk of Courts confirmed multiple prior felony convictions. PADILLA-BENNETT was convicted on October 30, 2023, in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida for the felony offenses of Burglary of a Conveyance and Grand Theft (Case No. 502023CF007049AXXXMB). PADILLA-BENNETT sentenced to 8 months' incarceration.

15. PADILLA-BENNETT was convicted on September 3, 2013, in the United States District Court for the Southern District of Texas in violation of 8 USC 1325(a)(Misdemeanor Unlawful Entry into the United States) in Case No. 7:13-po-05748 and thereafter sentenced to a term of 120 days' imprisonment.

16. PADILLA-BENNETT was convicted on January 30, 2007, in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida for the felony offences of Burglary and Grand Theft (Case No. 06CF012853A02). PADILLA-BENNETT sentenced to 7 months incarceration.

17. PADILLA-BENNETT was convicted on September 25, 2006, in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida for the felony offences of Burglary of a Structure and Grand Theft (Case No. 06CF008898A02). PADILLA-BENNETT sentenced to 12 months incarceration and 9 months' probation with the Florida Department of Corrections. PADILLA-BENNETT was convicted for violation of probation on February 4, 2008, and sentenced to an additional year of incarceration.

18. PADILLA-BENNETT was convicted on September 25, 2006, in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida for the felony offences of Grand Theft Auto and Grand Theft (Case No. 06CF008901A02). PADILLA-BENNETT sentenced to 12 months incarceration and 9 months' probation with the Florida Department of Corrections. PADILLA-

BENNETT was convicted for violation of probation on February 4, 2008, and sentenced to an additional year of incarceration.

19.  PADILLA-BENNETT was convicted on September 25, 2006, in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida for the felony offences of Burglary of a Structure and Grand Theft (Case No. 06CF008897A02). PADILLA-BENNETT sentenced to 12 months incarceration and 9 months' probation with the Florida Department of Corrections. PADILLA-BENNETT was convicted for violation of probation on February 4, 2008, and sentenced to an additional year of incarceration.

20.  Based on the foregoing, your affiant respectfully submits that there is probable cause to believe that Juan PADILLA-BENNETT committed the following offenses:

a.)  Being a previously removed convicted felon alien found in the United States, in violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(1); and

b.)  Knowingly possessing a document prescribed by statute and regulation as evidence of authorized stay in the United States, that is, a Legal Permanent Resident Card, indicating that the defendant was a lawful permanent resident of the United States, which the defendant knew to

be forged, counterfeited, altered, and falsely made, in violation of Title 18, United States Code, Section 1546(a).

**FURTHER YOUR AFFIANT SAYETH NAUGHT**.

_____
CHRISTOPHER DELBAUGH
DEPORTATION OFFICER
IMMIGRATION AND CUSTOMS ENFORCEMENT

SWORN AND ATTESTED TO ME
TELEPHONICALLY (VIA FACETIME)
BY THE APPLICANT IN ACCORDANCE
WITH THE REQUIREMENTS OF
FED. R. CRIM. P. 4(d) AND 4.1 THIS  16
DAY OF JANUARY, 2024.

_____
**HON. RYON M. McCABE**
**UNITED STATES MAGISTRATE JUDGE**

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: ___Jesus PADILLA-BENNETT___

**Case No**: ___24-mj-8016-RMM___

**Count # 1**
**Reentry After Deportation (Prior Felon)**
**Title 8, United States Code, Sections 1326(a) and 1326(b)(1)**
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** not applicable
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000.00
* **Special Assessment**: $100.00
* **Immigration consequences of removal (deportation) from the United States upon conviction**

**Count # 2**
**Knowing Possession of Counterfeit Lawful Permenant Resident Alien Card**
**Title 18, United States Code, Section 1546(a)**
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** not applicable
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000.00
* **Special Assessment**: $100.00
* **Immigration consequences of removal (deportation) from the United States upon conviction**